UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY MICHAEL BANEY,       :
                            :
          Petitioner        :  No. 4:CV-08-1722
                            :
     vs.                    :  Petition Filed 9/17/08)
                            :
JOHN PALAKOVICH, Warden,    :  (Judge Muir)
                            :
          Respondent        :

**MEMORANDUM AND ORDER**

June 9, 2010

Petitioner, Jeremy Michael Baney, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Clinton County, Pennsylvania, for his role in a drug distribution ring that operated across Lycoming, Clinton and Centre counties in Pennsylvania, between 1997 and September, 2001. (Doc. 1). For the reasons that follow, the Court will deny the petition.

I.  **Background**

On March 3, 2002, Baney was arrested at the conclusion of a statewide grand jury investigation and charged as a result of his role in a drug distribution ring that operated across Lycoming, Clinton and Centre counties between 1997 and

September, 2001. (Doc. 19, Ex. II, Memorandum Opinion of the Superior Court of Pennsylvania dated December 24, 2008). Clinton County was selected as the jurisdiction in which Baney's case would be tried. Id.

On May 19, 2003, Baney entered into a negotiated plea agreement with the Commonwealth wherein he agreed to plead guilty to charges of possession with intent to deliver a controlled substance (twenty-two counts), 35 P.S. § 780-113(a)(30); criminal use of a communication facility (one count), 18 Pa.C.S.A. § 7512(a); corrupt organizations (one count), 18 Pa.C.S.A. §911(b)(3); dealing in proceeds of unlawful activity (five counts), 18 Pa.C.S.A. § 5111(a)(1); and criminal conspiracy (one count), 18 Pa.C.S.A. § 903. Id.

On August 11, 2003, in accordance with the plea agreement, Baney was sentenced to an aggregate sentence of not less than two hundred forty (240) months nor more than four hundred sixty-eight (468) months of incarceration. Id. The Commonwealth further agreed to request a nolle prosequi of the remaining sixty-one counts listed on the criminal information. Id.

On September 17, 2003, Baney filed a direct appeal to the

2

Superior Court of Pennsylvania. (Doc. 19, Ex. D, Direct Appeal). He raised the following grounds for relief:

1.  Whether the trial court had jurisdiction over the charges pertaining to offenses occurring in Centre and Lycoming Counties;

2.  Whether the trial court imposed an illegal sentence because the minimum sentence exceeds one-half the maximum in violation of 42 Pa.C.S. § 9756(b) (the "minimum-maximum rule");

3.  Whether the trial court imposed an illegal sentence by not merging Baney's conspiracy and corrupt organizations convictions for sentencing purposes;

4.  Whether the trial court abused its discretion in imposing its sentence; and

5.  Whether Baney entered his negotiated guilty plea knowingly and voluntarily.

(Doc. 19, Ex. G, Memorandum Opinion of the Superior Court of Pennsylvania dated Sept. 3, 2004, at p. 6). Subsequent to the filing of petitioner's direct appeal, Baney's counsel filed a motion and supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, (1967). (Doc. 19, Ex. D, Baney's counseled Superior Court brief).

On or about February 3, 2004, after counsel submitted his <u>Anders</u> brief, Baney filed a pro se brief in support of his appeal. (Doc. 19, Ex. E, Pro Se Superior Court brief).

In a published opinion filed on September 3, 2004, the Pennsylvania Superior Court affirmed Baney's judgement of sentence and permitted counsel to withdraw from the case. (Doc. 19, Ex. G, <u>Commonwealth v. Baney</u>, 860 A.2d 127 (2004), Memorandum Opinion of the Superior Court of Pennsylvania dated Sept. 3, 2004, at p. 6).

On December 6, 2004, Baney filed a pro se petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 19, Ex. H, Petition for Allowance of Appeal).

On June 7, 2005, the Pennsylvania Supreme Court denied Baney's petition for allowance of appeal. (Doc. 19, Ex. I, Order)

On July 12, 2005, Baney filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546. (Doc. 19, Ex. L, Pro Se PCRA Petition). He raised the following issues for relief:

1. The oral and written guilty plea was invalid due to defective oral and written plea colloquies;

2. The plea agreement as accepted by the court did not provide for imposition of fines as a consequence of the plea.

3. The lower court erred by imposing fines without conducting an inquiry into Baney's ability to

4

pay;

    4.    The lower court erred by directing Baney to pay restitution;

    5.    The lower court erred by improperly considering Baney's forty-seven (47) prior arrests when imposing sentence;

    6.    The lower court demonstrated bias when imposing sentence;

    7.    The lower court erred by imposing consecutive sentences when the crimes should have merged for sentencing purposes; and

    8.    Prior counsel was ineffective for failing to raise the foregoing issues.

Id. The PCRA Court then appointed counsel to represent Baney, and on October 21, 2005, counsel filed an amended PCRA petition, raising the following issues for review:

    1.    Baney's sentence was imposed based upon a "message to the community" which was improper;

    2.    All convictions should have merged with the corrupt organizations charge at the time of sentencing;

    3.    There was no determination of Baney's ability to pay when the court imposed a fine in the amount of $50,000.00 at the time of sentencing; and

    4.    The lower court failed to inquire as to whether Baney understood the nature of his plea, the elements of the crimes with which he was charged, and whether there was a factual basis for the plea.

5

(Doc. 19, Ex. N, Counseled Amended PCRA Petition).

The amended petition also raised the following claims of ineffective assistance of counsel:

> 5.  Failure of counsel to properly advise Baney of the elements of the offenses, the possible range of sentences and the possible effects of a guilty plea;
>
> 6.  Failure of counsel to properly prepare for the sentencing hearing in that he failed to present testimony and evidence to support a lesser sentence;
>
> 7.  Failure to obtain discovery and explore possible defenses with Baney;
>
> 8.  Failure to properly investigate the allegations against Baney;
>
> 9.  Failure to file motions to suppress, namely the wiretap evidence; and
>
> 10. Failure to obtain a psychological evaluation of Baney which may have assisted in the trial preparation and sentencing stages.

<u>Id</u>.

On March 28, 2006, the lower court filed a notice of its intention to dismiss Baney's PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907, observing that there were no genuine issues involving any material fact. (Doc. 19, Ex. P, Notice of Intent to Dismiss).

On April 12, 2006, Baney filed pro se objections to the

Court's Notice of Intent. (Doc. 19, Ex. Q, Objections).

On April 13, 2006, the PCRA court denied Baney's request for relief. (Doc. 19, Ex. R, Order dismissing PCRA Petition).

On May 12, 2006, petitioner filed a Notice of Appeal with the Pennsylvania Superior Court and a brief in support on August 17, 2006. (Doc. 19, Ex. S, Pro Se Superior Court Brief). He raised the following ground for relief:

A.  Whether the PCRA Court violated Appellant's state and federal constitutional rights of self-representation by ordering PCRA counsel to file a 1925 (b) statement after Appellant filed a pro se Notice of Appeal without request for counsel?

B.  Whether the PCRA court erred by failing to cite reasons in it's [sic] Rule 907 notice of intent to dismiss, [sic] to support it's [sic] finding that no genuine issues of any material facts existed?

C.  Whether the PCRA court erred by failing to support it's [sic] final PCRA order with relevant findings of fact and conclusions;

D.  Whether the PCRA counsel rendered ineffective assistance by failing to preserve the need for an evidentiary hearing?

E.  Whether the PCRA Court erred by not convening an evidentiary hearing and was Appellant prejudiced by absence of a full and fair opportunity to meet his burden to plead and prove his right to relief on his underlying PCRA allegations of error.

7

Id.

On September 18, 2007, the Pennsylvania Superior Court affirmed the order of the PCRA Court denying the petition. (Doc. 19, Ex. U, Memorandum Opinion of the Superior Court of Pennsylvania dated Sept. 18, 2007). Specifically, the Court noted, inter alia, that Baney had previously challenged his guilty plea on direct appeal, and, therefore, his present challenge to his guilty plea was waived as previously litigated. Id. at pp. 9-11. Baney did not seek discretionary review in the Pennsylvania Supreme Court.

On December 21, 2007, Baney filed a petition for writ of habeas corpus in the Court of Common Pleas of Clinton County, alleging, inter alia, that the Clinton County Court of Common Pleas lacked subject matter jurisdiction over his case because the criminal complaint and criminal information filed at docket number 2002-109 did not contain citations to any valid laws, thereby violating his rights as protected by the 5th, 6th, 13th and 14th Amendments to the United States Constitution. (Doc. 19, Ex. EE, petition). In a supporting memorandum of law, Baney argued that the charging documents were invalid because they listed the statutory citations

provided in Purdon's Pennsylvania Consolidated Statutes and Pennsylvania Consolidated Statutes Annotated rather than citing the constitution or legislation. <u>Id</u>.

On December 27, 2007, Baney's petition was dismissed as "patently frivolous." (Doc. 19, Ex. FF, Order).

On January 11, 2008, Baney filed a notice of appeal to the Pennsylvania Superior Court, which, on December 24, 2008, affirmed the denial of his petition for writ of habeas corpus. (Doc. 19, Ex. II, Memorandum Opinion of the Superior Court of Pennsylvania dated Dec. 24, 2008).

On February 4, 2008, Baney filed a second PCRA petition in the lower court, raising the following issues:

1. The oral and written guilty plea colloquies are devoid of an explanation nor defendant's understanding of the elements, nature and factual basis as to the miltiple [sic] counts he was pleading guilty to;

2. The sentencing court showed bais [sic] of send a message to the community when imposing sentence;

3. Counts should have merged with corrupt organization and criminal conspiracy;

4. Ineffective counsel at trial and sentewncing [sic];

5. Ineffective counsel at PCRA;

9

6.  Missleadingsingg [sic] statement [sic] by plea
    cuunsel [sic] at the plea hearing and before;

7.  Guilty plea not entered voluntarily under state
    and fedewral [sic] law under the constitutions;

8.  Imposistion [sic] of sentence based on lack of
    record support, judicia [sic] bias, and improper
    considerations;

9.  Failure to merge sentences;

10. Ineffective assistance of trial, sentencing
    and appeal and PCRA counsel; and

11. Missleading [sic] statement by trial counsel,
    pleas counserl [sic] in regards to the guilty
    plea.

(Doc. 19, Ex. X, Second Pro Se PCRA Petition).

On February 5, 2008, the PCRA court denied Baney's second
PCRA petition, stating that it was untimely and that the
issues contained in the petition were previously litigated.
(Doc. 19, Ex. Y, PCRA Court Order).

Baney appealed the PCRA court's denial of relief to the
Pennsylvania Superior Court. On February 29, 2008, Baney filed
a concise statement of errors complained of on appeal pursuant
to Pa.R.A.P. 1925(b), which contained the following
allegations of error:

1.  Trial counsel's misrepresentations to petitioner

about law governing consequences between an open vs. negotiated plea agreement;

2.  Trial counsel's misrepresentations to petitioner about law governing appealable issues for direct appeal amount to ineffective assistance of counsel and defendant entered unknowing plea agreement;

3.  The oral and written guilty plea colloquies are devoid of an explanation and defendant's understanding of the elements nature and factual basis as to the multiple counts he was pleading to;

4.  Counts of CC/PWID, crim. use comm. facility and dealing in proceeds of unlawful activity, should have merged with corrupt organizations for sentencing purposes;

5.  Counsel was ineffective for advising defendant to plead guilty when judge wanted to send a message to the community with defendant's sentence;

6.  Counsel was ineffective when he failed to object when Commonwealth failed to establish a victim within the meaning of restitution statue [sic];

7.  Any sentence out side [sic] the standard range must be supported by extraordinary circumstance [sic], and counsel was ineffective for not objecting to defendant's sentences outside the standard range;

8.  Trial counsel representation [sic] had a cumulative effect on trial counsel's representation that compounded his ineffectiveness.

(Doc. 19, Ex. Z, Pro Se Concise Statement of Errors). <u>Id</u>.

On October 16, 2008, the Pennsylvania Superior Court affirmed the denial of Baney's second PCRA petition on the basis that the petition was untimely and that Baney failed to invoke any exceptions to the timeliness requirement. (Doc. 19, Ex. DD, Memorandum Opinion of the Superior Court of Pennsylvania dated Oct. 16, 2008).

On September 17, 2008, Baney filed the instant counseled petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

1. The Pennsylvania judiciary erred in ruling that the Petitioner's plea was entered knowingly and intelligently given the failure of the government to fulfill its contractual obligations within the plea;

2. The Pennsylvania judiciary erred in ruling that the Petitioner's sentence was not unduly harsh, excessive, and disproportionate in violation of the Eighth Amendment of the United States Constitution; and

3. The Pennsylvania judiciary erred in ruling that Petitioner received constitutionally effective assistance of counsel, when counsel failed to properly prepare for trial and sentencing.

4. The petitioner is entitled to an evidentiary hearing on these matters

(Doc. 1, petition at p. 9).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644

(3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Baney that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 8). Baney failed to return the notice of election form. Thus, a Show Cause Order was issued on the petition as filed. (Doc. 13). A response (Doc. 19) and traverse (Doc. 20) having been filed, the petition is ripe for disposition.

**II.   <u>Discussion</u>**

**A    <u>Standard of Review</u>**

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to

factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions) Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson vs. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v.

<u>Chesney</u>, 301 F. Supp 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[1]).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief.  <u>Porter</u>, 276 F. Supp 2d at 296; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 408-09 (2000); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination.  <u>Porter</u>, 276 F. Supp 2d at 296; <u>see also</u> <u>Williams</u>, 529 U.S. at 408-09.

### 1.  Challenge to plea colloquy / validity of plea

Baney claims that he did not knowingly and voluntarily enter his negotiated guilty plea.  (Doc. 1, petition).

In deciding petitioner's challenge to his guilty plea, the Superior Court, on direct appeal, held that under Rule 590 of the Pennsylvania Rules of Criminal Procedure at least six

_____

[1]"If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."  28 U.S.C. § 2254(f).

issues must be addressed by the trial court in order to determine whether a guilty plea is proper:

1) whether the defendant understands the nature of the charges to which he is pleading guilty;

2) whether there is a factual basis for the plea;

3) whether the defendant understands that he has a right to a jury trial;

4) whether the defendant understands that he is presumed innocent until found guilty;

5) whether the defendant is aware of the permissible range of sentences for the offenses charged; and

6) whether the defendant is aware that the judge is not bound by the terms of the plea agreement unless he or she accepts the agreement.

Commonwealth v. Baney, 860 A.2d 127 (2004).

A guilty plea operates as a waiver of important rights, and is valid, under federal law, only if done voluntarily, knowingly and intelligently, with a sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

17

The determination of whether a guilty plea is voluntary for federal constitutional purposes is a question of federal law. However, the reviewing court must grant a presumption of correctness to the state court's findings of historical facts surrounding the actual plea. See e.g. Rice v. Wynder, 2006 WL 2038411 at *5 (E.D.Pa. July 19, 2006).

Due process guarantees require that a defendant's plea be voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238-242 (1969). As such, no criminal defendant should plead to a crime unless, and until, he has had explained to him and understands all of his constitutional rights and protections, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to trial by jury, and the right to confront one's accusers. In the Boykin case, the United States Supreme Court emphasized the importance of a judge's duty in ensuring that a criminal defendant have a full understanding of what the plea connotes and its consequences by "canvassing the matter" on the record. Boykin, 395 U.S. at 243-44. The failure to specifically articulate these rights,

however, is not dispositive if the circumstances otherwise establish that the plea was constitutionally acceptable. United States v. Stewart, 977 F.2d 81, 85 (3d Cir. 1992), cert. denied, 507 U.S. 979 (1993)(plea colloquy adequate despite trial court's failure to enumerate Boykin rights given that those rights were reviewed in prior plea colloquy that occurred only six weeks earlier.)

A habeas petitioner faces a heavy burden in challenging the voluntary nature of his guilty plea, for the plea hearing is specifically designed to uncover hidden promises or representations as to the consequences of a guilty plea. Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir.), cert. denied, 502 U.S. 898(1991). As the Supreme Court stated in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Id. at 73-74.

Upon review of petitioner's challenge to his guilty plea, the Superior Court determined that the guilty plea was indeed

knowing and voluntary. <u>Commonwealth v. Baney</u>, 860 A.2d 127,

132 (2004). Specifically, the Superior Court made the

following findings of fact:

> Here, the record demonstrates that Baney's plea
> colloquy covered each of the above six areas (<u>see</u>
> N.T. 5/19/03, 7-14). The comprehensive plea
> colloquy notwithstanding, Baney asserts that he was
> unable to understand his guilty plea proceedings
> because he supposedly suffers from bipolar disease.
> However, the trial court very plainly asked
> defendant on the record whether he suffered from any
> mental or physical disability that would interfere
> with his ability to understand the guilty plea
> proceedings, to which Baney responded in the
> negative (<u>id</u>. at 7-8). Further, Baney unequivocally
> stated that he understood all the questions being
> asked, and was entering his guilty plea voluntarily
> (<u>id</u>. at 13). Only after the court was satisfied
> that Baney knew all of his rights and was making an
> intelligent and voluntary decision did it accept
> Baney's negotiated guilty plea (<u>id</u>. at 18). As
> such, Baney's claim is frivolous and provides no
> basis for relief. <u>See</u> [Commonwealth v.] <u>Muhammad</u>,
> 794 A.2d [374,] 384 (appellant is bound by
> statements made during plea colloquy and may not
> successfully assert claims that contradict such
> statements).

<u>Id</u>.

The state law applied by the Superior Court is not

contrary to, nor did it involve an unreasonable application

of, clearly established federal law. Thus, petitioner does

not meet 28 U.S.C. § 2254(d)(1).

The Superior Court's findings of fact are entitled to a presumption of correctness, and petitioner has not presented any evidence that the findings are incorrect. On consideration of the totality of the evidence presented in the state court system, this Court finds that the Superior Court's rejection of petitioner's challenge to the voluntariness of his guilty plea is objectively reasonable, and, therefore, that the standard of 28 U.S.C. § 2254(d)(2) has not been met.

### 2. **Excessive Sentence**

Petitioner claims that his sentence violated the Eighth Amendment in that it was disproportionate to the sentences of his co-defendants. (Doc. 2, Memorandum of Law at p. 9). Specifically, he states that "such disproportionate sentencing is not constitutional and should not have been permitted in this case....[and] that the rulings of the Pennsylvania courts denying him relief on this issue must be vacated." Id. at 10. The specific ruling by the Pennsylvania Courts involved Baney's claim that his "minimum sentence exceeded one-half the maximum in purported violation of 42 Pa.C.S. § 9756(b)." See Commonwealth v. Baney, 860 A.2d 127, 131 (2004).

21

Habeas relief is only available for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254 (a). The United States Supreme Court has held that habeas matters involving a state court's discretionary acts in sentencing proceedings are not subject to federal review, unless a specific constitutional claim is allegedly violated. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984) (a federal court has no power to review a state-imposed sentence in a habeas matter unless it involves a violation of a specific constitutional right). Petitioner, herein has failed to argue that a specific constitutional violation occurred during his sentencing proceedings. (See Doc. 2). Indeed, "[a]bsent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure." Knight v. Beyer, Civ. A. No. 88-3180, 1989 WL 68618, *6 (E.D. Pa. June 22, 1989) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988)). Accordingly, a federal court will not reevaluate

22

a sentence in a habeas corpus proceeding unless it exceeds the statutory limits. <u>Jones v. Superintendent of Rahway State Prison</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Williams v. Duckworth</u>, 738 F.2d 828, 831 (7th Cir.1984), <u>cert</u>. <u>denied</u>, 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985) ("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); <u>Bonner v. Henderson</u>, 517 F.2d 135, 136 (5th Cir.1975) ("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking."); <u>Smith v. Wainwright</u>, 664 F.2d 1194, 1196 (11th Cir.1981) (although court will review alleged impropriety in sentencing process itself, it will not consider the severity of a sentence imposed within statutory bounds).

In the case at bar, petitioner's sentence is in accordance with the mandatory minimum sentence requirements for drug trafficking as set forth in section 7508. Specifically, the Pennsylvania Superior Court found the following:

> In <u>Commonwealth v. Hockenberry</u>, 689 A.2d 283 (Pa. Super. 1997), this Court upheld a minimum seven-year and maximum ten-year sentence imposed pursuant to 18

23

Pa.C.S. § 7508, the identical statute at issue in the case at bar. The <u>Hockenberry</u> Court noted that section 7508, a comprehensive statute regarding punishment for drug trafficking, provides that the minimum sentences contained therein shall apply "[n]otwithstanding any other provisions of this or any other act to the contrary." <u>Hockenberry</u> at 289, <u>quoting</u> 18 Pa.C.S. § 7508(a). Given that section 7508 was enacted well after the minimum-maximum rule, the Court determined that the legislature clearly intended section 7508 to supersede the limits set forth in Pa.C.S. § 9756(b). <u>Hockenberry</u> at 289. <u>See</u> <u>Commonwealth v. Bell</u>, 645 A.2d 211 (Pa. 1994)(section 7508's mandatory minimum sentence provisions requiring 3 to 5 year sentence, despite conflict with minimum-maximum rule of 42 Pa.C.S. § 9756, was not unconstitutional; section 7508 was subsequently enacted by the legislature and with intention of invoking harsher penalties to deter drug trafficking).

Here, Baney was sentenced in accordance with the mandatory minimum sentence requirements for drug trafficking set forth in section 7508. As such, his contention that the trial court imposed an illegal sentence in violation of the minimum-maximum rule is without merit.

Baney also claims that the court erred by not merging his conspiracy and corrupt organizations convictions for sentencing purposes. This argument has been raised and rejected in <u>Commonwealth v. Stocker</u>, 622 A.2d 333, 347 (Pa. Super. 1993). Accordingly, this claim of Baney is also frivolous.

Baney additionally attempts to contest various discretionary aspects of his sentence. However, having entered a valid negotiated guilty plea, as will be discussed, Baney cannot challenge the discretionary aspects of his sentence. <u>See</u>

24

> Commonwealth v. Reichle, 589 A.2d 1140 (Pa. Super.
> 1991); Commonwealth v. Coles, 530 A.2d 453 (Pa.
> Super. 1987). Thus, this claim is frivolous.

Commonwealth v. Baney, 860 A.2d 127, 131 (2004). Thus, because the imposition of Baney's sentence in Pennsylvania is within the sound discretion of the court, petitioner's claim does not raise any constitutional question and is not reviewable in a federal habeas proceeding. See, See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir.1984). See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law." ') (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Accordingly, we have no jurisdiction to review petitioner's claim. See Booker v. Shannon, 2003 WL 22872039, *2 (E.D.Pa.,2003).

### 3. **Ineffective Assistance of Counsel**

Baney argues that the Pennsylvania judiciary erred in ruling that petitioner received constitutionally effective assistance of counsel, when counsel failed to properly prepare for trial and sentencing. (Doc. 1, petition).

Before reaching the merits of a petitioner's claims, this

25

Court must decide whether the claim was exhausted in the state proceedings. If a habeas petitioner wishes to exhaust a claim of ineffective assistance of counsel, such claim must be raised at the very first stage when that allegedly ineffective counsel is no longer representing the party or the issue of that counsel's ineffectiveness is waived. Commonwealth v. Green, 709 A.2d 382, 384 (Pa.1998) ("It is well-established that a claim of ineffectiveness must be raised at the earliest possible stage in the proceedings at which counsel whose effectiveness is questioned no longer represents the defendant."); Commonwealth v. Laird, 726 A.2d 346, 354 (Pa.1999) ("As claims of ineffectiveness of prior counsel must be raised at the first opportunity when that counsel no longer represents the petitioner [and here that did not happen], the issue has been waived.") Commonwealth v. Kenney, 732 A.2d 1161, 1164 (Pa.1999); Commonwealth v. Hubbard, 372 A.2d 687, 695 n. 6. (Pa.1977).

Baney's brief on direct appeal to the Superior Court of Pennsylvania did not include an issue regarding counsel's effectiveness. (See Doc. 19, Exs. D, E, Briefs in support of Appeal).

Because Baney had the opportunity to raise his ineffective assistance of counsel claim on direct appeal, yet did not bring it until his PCRA appeal, the claim was waived under Pennsylvania law and is now procedurally defaulted. Baney first raised his claim of ineffective assistance of counsel in his PCRA petition to the Court of Common Pleas. The court decided the claims raised in Baney's PCRA petition were meritless. (See Doc. 19, Ex. P, Notice of Intent to Dismiss PCRA petition).

However, on collateral appeal to the Superior Court, petitioner failed to raise an ineffective assistance of trial counsel claim.[2] Thus, it is apparent from the Pennsylvania

_____

[2]Petitioner's grounds for review on appeal included the following:

    A.   Whether the PCRA Court violated Appellant's state and federal constitutional rights of self-representation by ordering PCRA counsel to file a 1925 (b) statement after Appellant filed a pro se Notice of Appeal without request for counsel?

    B.   Whether the PCRA court erred by failing to cite reasons in it's [sic] Rule 907 notice of intent to dismiss, [sic] to support it's [sic] finding that no genuine issues of any material facts existed?

    C.   Whether the PCRA court erred by failing to support it's [sic] final PCRA order with relevant findings of fact and conclusions;

Superior Court's opinion that petitioner waived the issue of ineffective assistance of direct appeal counsel, as petitioner expressly abandoned it in his brief in support of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. As such, petitioner's claim has not been properly exhausted.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. §2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims

---

    D.   Whether the PCRA counsel rendered ineffective assistance by failing to preserve the need for an evidentiary hearing?

    E.   Whether the PCRA Court erred by not convening an evidentiary hearing and was Appellant prejudiced by absence of a full and fair opportunity to meet his burden to plead and prove his right to relief on his underlying PCRA allegations of error.

(Doc. 19, Ex. S, Pro Se Superior Court Brief).

unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)." <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999); <u>see also</u>, <u>Wenger v. Frank</u>, 266 F.3d 218, 224 (3d Cir. 2001); <u>Keller v. Larkins</u>, 251 F.3d 408, 415 (3d Cir.) <u>cert. denied</u>, 122 S.Ct. 396 (2001); <u>Lines</u>, 208 F.3d at 164-66.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>Caswell v. Ryan</u>, 953 F.2d 853, 862 (3d Cir.) <u>cert. denied</u>, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 366 (1993); <u>Coleman</u>, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995); <u>Keller</u>, 251 F.3d 408.

In view of the passage of time since his conviction

29

became final, it does not appear that there remain any state

court remedies that Baney can now pursue.  See <u>Lines</u>, 208 F.3d

at 163.  That is, any relief that may have been available to

Baney under the PCRA act is now foreclosed by its 1-year

statute of limitations and petitioner's claims do not satisfy

any of the three §9545 exceptions.  See 42 Pa.C.S.A. § 9545.[3]

---

[3]Pennsylvania prisoners must file their initial and
subsequent PCRA petitions:

> within one year of the date the judgment becomes
> final, unless the petition alleges and the petitioner
> proves that:
>
> (i)     the failure to raise the claim
>         previously was the result of
>         interference by government
>         officials with the
>         presentation of the claim in
>         violation of the Constitution
>         or laws of this Commonwealth
>         or the Constitution or laws of
>         the United States;
>
> (ii)    the facts upon which the claim is
>         predicated were unknown to the
>         petitioner and could not have been
>         ascertained by the exercise of due
>         diligence; or
>
> (iii)   The right asserted is a
>         constitutional right that was
>         recognized by the Supreme Court of
>         the United States or the Supreme
>         Court of Pennsylvania after the
>         time provided in this section has

The petitioner, however, has not alleged cause or prejudice.
Nor has he demonstrated his actual innocence such that a lack
of review by the court will constitute a fundamental
miscarriage of justice.  Accordingly, his challenge to the
effectiveness of counsel must be rejected on the ground that
Baney failed to pursue this issue in the state courts and has
not established appropriate grounds for this Court to consider
the claim in the first instance.  Consequently, the petition
for writ of habeas corpus will be denied.

**4.    Evidentiary Hearing**

    Based on the foregoing, petitioner's final issue, that he
is entitled to an evidentiary hearing, is denied.


An appropriate Order accompanies this Memorandum Opinion.

_____

                    been held by that court to apply
                    retroactively.

    (2)  Any petition invoking an exception provided in
         paragraph (1) shall e filed within 60 days from the
         date the claim could have been presented.
    42 Pa.C.S. § 9545(b).

Dated: June 9, 2010               s/Malcolm Muir
                                              MUIR
                                              United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY MICHAEL BANEY,          :
                               :
        Petitioner             :  No. 4:CV-08-1722
                               :
    vs.                        :  Petition Filed 9/17/08
                               :
JOHN PALAKOVICH, Warden,       :  (Judge Muir)
                               :
        Respondent             :

## ORDER

June 9, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1.   The petition for writ of habeas corpus,
     (Doc. 1) is **DENIED**.


2.   The Clerk of Court is directed to **CLOSE**
     this case.


3.   There is no basis for the issuance of a
     certificate of appealability.


                    s/Malcolm Muir
                    MUIR
                    United States District Judge